HDI.30709

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **ATURA HILL, Individually and as Next Friend of E.H., a Minor; EDDIE HILL III, Individually and ALDONIA HILL, Individually and on Behalf of the Estate of EDDIE RAY HILL, JR., Deceased,** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **CIVIL ACTION NO. 5:26-cv-00121-RWS-JBB** |
| **TCI TEXARKANA, INC. D/B/A TEXARKANA ALUMINUM AND TA CHEN INTERNATIONAL, INC.** | § | |
| **Defendants.** | § | |

## DEFENDANTS' FIRST AMENDED ANSWER

**COME NOW TCI TEXARKANA, INC. d/b/a TEXARKANA ALUMINUM and TA CHEN INTERNATIONAL, INC.** (collectively "Defendants"), Defendants in the above entitled and numbered cause, and file this their First Amended Answer responding to the specifically numbered paragraphs in Plaintiff's Original Petition, and for same respectfully show unto the Court as follows:

## DISCOVERY CONTROL PLAN

1. To The extent a response is required to the allegations contained in paragraph 1 of Plaintiffs' Original Petition, Defendants deny same as discovery in this case will be conducted pursuant to the Federal Rules of Civil Procedure.

## PARTIES

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiffs' Original Petition.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Original Petition.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiffs' Original Petition.

5. Defendants admit the allegations contained in paragraph 5 of Plaintiffs' Original Petition.

6. Defendants admit the allegations contained in paragraph 6 of Plaintiffs' Original Petition.

## RULE 47 STATEMENT

7. To The extent a response is required to the allegations contained in paragraph 7 of Plaintiffs' Original Petition, Defendants deny that Plaintiffs are entitled to the relief sought.

## JURISDICTION AND VENUE

8. Defendants admit that the Court has jurisdiction over the subject matter of this lawsuit and that venue is proper in this federal district pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Eastern District of Texas, Texarkana Division, embraces Bowie County, Texas, where the state court action was filed.

## FACTS

9. Defendants admit the allegations contained in paragraph 9 of Plaintiffs' Original Petition.

10. Defendants admit that Defendant TCI Texarkana, Inc. d/b/a Texarkana Aluminum owned and operated the Texarkana Aluminum facility but otherwise deny the remaining allegations contained in paragraph 10 of Plaintiffs' Original Petition.

11. Defendants deny the allegations contained in paragraph 11 of Plaintiffs' Original Petition.

12. Defendants deny the allegations contained in paragraph 12 of Plaintiffs' Original Petition.

13. Defendants deny the allegations contained in paragraph 13 of Plaintiffs' Original Petition.

14. Defendants deny the allegations contained in paragraph 14 of Plaintiffs' Original Petition.

15. Defendants deny the allegations contained in paragraph 15 of Plaintiffs' Original Petition.

16. Defendants deny the allegations contained in paragraph 16 of Plaintiffs' Original Petition.

17. Defendants deny the allegations contained in paragraph 17 of Plaintiffs' Original Petition.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiffs' Original Petition.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiffs' Original Petition.

20. Defendants deny the allegations contained in paragraph 20 of Plaintiffs' Original Petition.

21. Defendants deny the allegations contained in paragraph 21 of Plaintiffs' Original Petition.

22. Defendants deny the allegations contained in paragraph 22 of Plaintiffs' Original Petition.

23. Defendants deny the allegations contained in paragraph 23 of Plaintiffs' Original Petition.

24. Defendants admit Wendell Lane Champion, Jr. confronted Candis Champion and escorted her to her vehicle but otherwise deny the remaining allegations contained in paragraph 24 of Plaintiffs' Original Petition.

25. Defendants deny the allegations contained in paragraph 25 of Plaintiffs' Original Petition.

26. Defendants deny the allegations contained in paragraph 26 of Plaintiffs' Original Petition.

27. Defendants deny the allegations contained in paragraph 27 of Plaintiffs' Original Petition.

28. Defendants deny the allegations contained in paragraph 28 of Plaintiffs' Original Petition.

29. Defendants admit that Defendant TCI Texarkana, Inc. d/b/a Texarkana Aluminum employed a Chief Security Officer and maintained security cameras at the facility that recorded and captured the events that are the subject of this lawsuit.

30. Defendants deny the allegations contained in paragraph 30 of Plaintiffs' Original Petition.

31. Defendants admit that Eddie Ray Hill, Jr. was arriving for work when he exited his vehicle and approached Wendell Lane Champion, Jr. who shot him in the head resulting in his

death but otherwise deny the remaining allegations contained in paragraph 31 of Plaintiffs' Original Petition.

32. Defendants admit the allegations contained in paragraph 32 of Plaintiffs' Original Petition.

33. Defendants admit court records reflect Wendell Lane Champion, Jr. had previously been convicted of murder and released from prison but otherwise deny the remaining allegations contained in paragraph 33 of Plaintiffs' Original Petition.

34. Defendants deny the allegations contained in paragraph 34 of Plaintiffs' Original Petition.

35. Defendants deny the allegations contained in paragraph 35 of Plaintiffs' Original Petition.

36. Defendants deny the allegations contained in paragraph 36 of Plaintiffs' Original Petition.

## CAUSES OF ACTION

**Count I – Gross Negligence**

37. To the extent a response is required to paragraph 37, Defendants incorporate all of the foregoing paragraphs as if set forth fully herein.

38. Defendants deny the allegations contained in paragraph 38 of Plaintiffs' Original Petition.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiffs' Original Petition.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiffs' Original Petition.

41. Defendants deny the allegations contained in paragraph 41 of Plaintiffs' Original Petition.

42. Defendants deny the allegations contained in paragraph 42, including subparts a. through k., of Plaintiffs' Original Petition.

43. Defendants deny the allegations contained in paragraph 43 of Plaintiffs' Original Petition.

44. To the extent a response is required to the allegations contained in paragraph 44 of Plaintiffs' Original Petition, Defendants deny that Plaintiffs are entitled to the relief sought.

45. Defendants deny the allegations contained in paragraph 45 of Plaintiffs' Original Petition.

46. Defendants deny the allegations contained in paragraph 46 of Plaintiffs' Original Petition.

**Count II – Direct Negligence Against Defendant TCI Texarkana, Inc. d/b/a Texarkana Aluminum**

47. To the extent a response is required to paragraph 47, Defendants incorporate all of the foregoing paragraphs as if set forth fully herein.

48. Defendants admit that Defendant TCI Texarkana, Inc. d/b/a Texarkana Aluminum owned and operated the Texarkana Aluminum facility but otherwise deny the remaining allegations contained in paragraph 48 of Plaintiffs' Original Petition.

49. Defendants admit that Defendant TCI Texarkana, Inc. d/b/a Texarkana Aluminum owned and operated the Texarkana Aluminum facility.

50. Defendants deny the allegations contained in paragraph 50 of Plaintiffs' Original Petition.

51. Defendants deny the allegations contained in paragraph 51, including subparts a. Through o., of Plaintiffs' Original Petition.

52. Defendants deny the allegations contained in paragraph 52 of Plaintiffs' Original Petition.

53. Defendants deny the allegations contained in paragraph 53 of Plaintiffs' Original Petition.

54. To The extent a response is required to the allegations contained in paragraph 54 of Plaintiffs' Original Petition, Defendants deny that Plaintiffs are entitled to the relief sought.

**Count III – Direct Negligence Against Defendant Ta Chen International, Inc.**

55. To the extent a response is required to paragraph 55, Defendants incorporate all of the foregoing paragraphs as if set forth fully herein.

56. Defendants deny the allegations contained in paragraph 56 of Plaintiffs' Original Petition.

57. Defendants deny the allegations contained in paragraph 57 of Plaintiffs' Original Petition.

58. Defendants deny the allegations contained in paragraph 58, including subparts a. through k., of Plaintiffs' Original Petition.

59. Defendants deny the allegations contained in paragraph 59 of Plaintiffs' Original Petition.

60. Defendants deny the allegations contained in paragraph 60 of Plaintiffs' Original Petition.

61. To The extent a response is required to the allegations contained in paragraph 61 of Plaintiffs' Original Petition, Defendants deny that Plaintiffs are entitled to the relief sought.

**Count IV – Negligent Undertaking Against All Defendants**

62. To the extent a response is required to paragraph 62, Defendants incorporate all of the foregoing paragraphs as if set forth fully herein.

63. Defendants deny the allegations contained in paragraph 63 of Plaintiffs' Original Petition.

64. Defendants deny the allegations contained in paragraph 64 of Plaintiffs' Original Petition.

65. Defendants deny the allegations contained in paragraph 65 of Plaintiffs' Original Petition.

66. Defendants deny the allegations contained in paragraph 66, including subparts a. through g., of Plaintiffs' Original Petition.

67. Defendants deny the allegations contained in paragraph 67 of Plaintiffs' Original Petition.

68. Defendants deny the allegations contained in paragraph 68 of Plaintiffs' Original Petition.

69. Defendants deny the allegations contained in paragraph 69 of Plaintiffs' Original Petition.

**Count V – Premises Liability**

70. To the extent a response is required to paragraph 70, Defendants incorporate all of the foregoing paragraphs as if set forth fully herein.

71. Defendants admit that Defendant TCI Texarkana, Inc. d/b/a Texarkana Aluminum owned and operated the Texarkana Aluminum facility but otherwise deny the remaining allegations contained in paragraph 71 of Plaintiffs' Original Petition.

72. Defendants admit that Eddie Ray Hill, Jr. was lawfully present on the premises but otherwise deny the remaining allegations contained in paragraph 72 of Plaintiffs' Original Petition.

73. Defendants deny the allegations contained in paragraph 73 of Plaintiffs' Original Petition.

74. Defendants deny the allegations contained in paragraph 74 of Plaintiffs' Original Petition.

75. Defendants deny the allegations contained in paragraph 74 of Plaintiffs' Original Petition.

76. Defendants deny the allegations contained in paragraph 76 of Plaintiffs' Original Petition.

77. Defendants deny the allegations contained in paragraph 77, including subparts a. through i., of Plaintiffs' Original Petition.

78. Defendants deny the allegations contained in paragraph 78 of Plaintiffs' Original Petition.

79. Defendants deny the allegations contained in paragraph 79 of Plaintiffs' Original Petition.

**Count VI – Vicarious Liability, Respondeat Superior, Right to Control, Master-Servant, Principal-Agent, Ratification, and Joint Enterprise Against All Defendants**

80. To the extent a response is required to paragraph 80, Defendants incorporate all of the foregoing paragraphs as if set forth fully herein.

81. Defendants deny the allegations contained in paragraph 81 of Plaintiffs' Original Petition.

82. Defendants deny the allegations contained in paragraph 82 of Plaintiffs' Original Petition.

83. Defendants deny the allegations contained in paragraph 83 of Plaintiffs' Original Petition.

**DAMAGES – SURVIVAL AND WRONGFUL DEATH**

84. To the extent a response is required to paragraph 84, Defendants incorporate all of the foregoing paragraphs as if set forth fully herein.

85. Defendants deny the allegations contained in paragraph 85 of Plaintiffs' Original Petition.

86. Defendants deny the allegations contained in paragraph 86 of Plaintiffs' Original Petition.

87. Defendants deny the allegations contained in paragraph 87 of Plaintiffs' Original Petition.

88. To The extent a response is required to the allegations contained in paragraph 88, including subparts a. through i. of Plaintiffs' Original Petition, Defendants deny that Plaintiffs are entitled to the relief sought.

89. To The extent a response is required to the allegations contained in paragraph 89, Defendants deny that Plaintiffs are entitled to the relief sought.

90. Defendants deny the allegations contained in paragraph 90 of Plaintiffs' Original Petition.

**JURY DEMAND**

91. Defendants admit that Plaintiffs have demanded a jury.

## NOTICE OF USE OF DOCUMENTS

92. To The extent a response is required to the allegations contained in paragraph 92 of Plaintiffs' Original Petition, Defendants deny same as discovery and evidence in this case will be conducted pursuant to the Federal Rules of Civil Procedure and Federal Rules of Evidence.

## PRAYER

93. To the extent a response is required to the Prayer in Plaintiffs' Original Petition, Defendants deny Plaintiffs are entitled to the relief sought.

## AFFIRMATIVE DEFENSES

94. Defendants affirmatively plead and assert that Plaintiffs have failed to state a claim upon which relief can be granted.

95. Defendants affirmatively plead and assert that because Plaintiffs' claims result from the criminal acts of third parties, Plaintiffs' claims are limited to a premises liability claim.

96. Defendants affirmatively plead and assert that no conduct of Defendants proximately caused Plaintiff's alleged injuries and damages, if any.

97. Defendants affirmatively plead and assert that other third parties over which Defendants had no control, including, but not limited to, Wendell Lane Champion, Jr., were guilty of certain acts and/or omissions, which solely caused or, alternatively, were a proximate cause of the Decedent's death and the losses basis of the above suit, if any, and damages, if any, claimed by Plaintiffs.

98. Defendants affirmatively assert and plead that they are entitled to have the jury determine the percentage of responsibility of Plaintiffs, each defendant, each settling person, and each responsible third party, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 33.003, and to have Defendants' liability, if any, reduced accordingly. Defendants specifically reserve their right,

pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 33.004, to designate any responsible third parties that may be identified during the course of this litigation

99. Defendants affirmatively plead and assert that they are entitled to all of the protections afforded it under Chapter 41 of the Texas Civil Practice and Remedies Code.

100. Defendants affirmatively plead and assert that if Plaintiffs seek recovery for loss of earnings, loss of earning capacity, or any loss of a pecuniary value, evidence to prove such loss, if any, must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law. TEX. CIV. PRAC. & REM. CODE ANN. § 18.091 (a) and (b).

101. Defendants affirmatively plead and assert that Plaintiffs must prove by clear and convincing evidence the elements of exemplary damages and the burden of proof may not be shifted to the Defendants or satisfied by evidence, if any, of ordinary negligence, bad faith, or a deceptive trade practice. TEX. CIV. PRAC. & REM. CODE ANN. § 41.003 (a) and (b).

102. Defendants affirmatively plead and assert that prejudgment interest may not be assessed or recovered on any award of exemplary damages, if any, in this cause. TEX. CIV. PRAC. & REM. CODE ANN. § 41.007.

103. Defendants affirmatively plead and assert the limitations or "caps" on any exemplary damages sought by Plaintiffs. Specifically, Plaintiffs' claim for exemplary damages is limited by TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(b).

104. Defendants affirmatively plead and assert that in a trial to a jury, the Court shall instruct the jury with regard to the evidence to be considered in determining the amount of exemplary damages as provided by TEX. CIV. PRAC. & REM. CODE ANN. § 41.011.

105. Defendants affirmatively plead and assert that no grounds exist for holding them liable to Plaintiffs for exemplary damages based on any alleged act or omission, if any, on the part of any alleged agent or employee of Defendants.

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that Plaintiff take nothing by this suit, that Defendants be awarded their costs, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

**FLETCHER, FARLEY, SHIPMAN & SALINAS, L.L.P.**

*/s/ Jeffrey D. Smith*
**JEFFREY D. SMITH**
State Bar No. 24063008
Email: jeffrey.smith@fletcherfarley.com
9201 N. Central Expressway, Suite 600
Dallas, Texas 75231
(214) 987-9600 (office)
(214) 987-9866 (telecopier)

**ATTORNEY FOR DEFENDANTS TCI TEXARKANA, INC. D/B/A TEXARKANA ALUMINUM AND TA CHEN INTERNATIONAL, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this, the 4th day of September, 2026, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

*/s/ Jeffrey D. Smith*
**JEFFREY D. SMITH**